IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSE L. CINTRON,**

        Petitioner,

v.                                       Civil Action No. 5:09cv103
                                         (Judge Stamp)

**UNITED STATES OF AMERICA,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On September 16, 2009, the *pro se* petitioner filed a "Writ of Habeas Corpus, 28 U.S.C. § 1651, Petition the court for a Downward Departure of Federal Sentence § 3553(b), U.S.S.G. § 5K2.0." On September 17, 2009, the United States filed a Motion to Dismiss the petition.[1] For the reasons set forth below, the undersigned recommends that the petition be construed as a petition for Writ of Error Coram Nobis, the respondent's motion to dismiss be granted, the plaintiff's motion for an extension of time to pay the filing fee be denied as moot and this case be dismissed.

Courts have power under the All Writs Act, 28 U.S.C. § 1651, to issue a Writ of Error Coram Nobis. See United States v. Morgan, 346 U.S. 502 (1954); United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). However, the writ may only be issued where an error of the most fundamental character compels such action to achieve justice after the sentence has been served and where no alternative remedy is available. *Id.*

A motion in the nature of a Writ of Coram Nobis enables a trial court to correct one of its judgments. The motion is a "step in the criminal case and not, like habeas corpus where relief is

---

[1] In the motion, the respondent argues that the petition is a writ of error coram nobis and should be barred as a second or successive § 2255 motion.

sought in a separate case and record, the beginning of a separate civil proceeding." Morgan, 346 U.S. at 504, n. 4. Accordingly, relief can only be granted by the court that rendered the judgment. Thomas v. Cunningham, 335 F.2d 67 (4th Cir.1964). Coram nobis relief is only available, however, when the petitioner is no longer in custody. See, *e.g.*, United States v. Johnson, 237 F.3d 751, 755 (6th Cir.2001); United States v. Dyer, 136 F.3d 417, 422 (5th Cir.1998); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir.2001).

To obtain coram nobis relief, the petitioner must demonstrate the following four requirements: "(1) A more usual remedy is unavailable; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient so that a case or controversy exists; and (4) the error is of the most fundamental character." Scates v. United States, 914 F.2d 249 (4th Cir.1990), cert. denied, 500 U.S. 919, (1991)(citing Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir.1987)). Coram nobis relief is not available when the claim could have been raised on direct appeal but was not. United States v. Keane, 852 F. 2d 199 (7th Cir. 1988); United States v. Osser, 864 F. 2d 1056, 1060-61 (3d Cir. 1988).

In this case, coram nobis relief is not available to the petitioner because he is still incarcerated on the challenged sentence. Moreover, he has failed to establish that a more usual remedy is unavailable. The petitioner could have raised any of the challenges he now raises regarding his conviction by way of a direct appeal or a § 2255 motion following his conviction. He did not do so, and fails to explain why he did not undertake these challenges earlier. Additionally, the petitioner is now barred from making his claims under 28 U.S.C. § 2255.[2] However, just as the

---

[2] Cintron filed a motion to vacate pursuant to 28 U.S.C. § 2255 on August 1, 2002. See 5:99cr51 Dckt. 48. That motion was denied on the merits on December 15, 2003. *Id.* at Dckt. 57.

2

foreclosure of § 2255 does not automatically open the door for use of § 2241, the mere fact that the petitioner is foreclosed from seeking further relief under 2255, "does not create a remedy for him under the All Writs Act [28 U.S.C. § 1651]." Norton v. United States, 119 F. Supp. 2d 43, 47 (D.Mass. 2000); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)("[I]f Congress has forbidden federal prisoners to proceed under 2241 even when 2255 is closed to them . . . then it would be senseless to suppose that Congress permitted them to pass through the closed door simply by changing the number 2241 to 1651 on their motions.")

Moreover, to the extent that the petitioner seeks compassionate release, see Petition (dckt. 1) at Ex. 1 (Memorandum in Support of Request for Compassionate Release), 18 U.S.C. § 3582(c)(1)(A) provides as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that--
> **(1)** in any case--
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> **(i)** extraordinary and compelling reasons warrant such a reduction; or
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, this court has no authority to grant a prisoner compassionate release unless the Director of the Bureau of Prisons first makes the appropriate request. Because the Director has

3

made no such request in this case, us, the petitioner is not entitled to any habeas relief regarding his quest for a compassionate release. See United States v. McCann, 2003 WL 2002776 (W.D. Va. 2003)(the court cannot modify the defendant's sentence because of the illness of his daughter as the Director of the Bureau of Prisons had not made a motion for modification); see also, Engle v. United States, 26 Fed. Appx. 394, 2001 WL 1356205 (6th Cir. 2001)(unpublished)("A district court may not modify a defendant's federal sentence based on the defendant's ill health except upon a motion from the Director of the Bureau of Prisons").

Accordingly, for the reasons set forth herein, the undersigned recommends that the petition (dckt. 1) be **CONSTRUED** as a petition for Writ of Error Coram Nobis, the respondent's motion to dismiss (dckt. 4) be **GRANTED**, the plaintiff's motion for an extension of time to pay the filing fee (dckt. 7) be **DENIED** as moot and this case be **DISMISSED with prejudice** from the active docket of this court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: October 2, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE